LAURA GILBERT v. THE STATE.

No. 4080.    Decided May 17, 1916.

1.—Theft From Person—Corroboration—Accomplice.

Where, upon trial of theft from the person, the evidence showed that the alleged stolen money was positively identified and the defendant was found in possession of the property purchased therewith, and other corroborating circumstances of the testimony of the accomplice the conviction was sustained.

2.—Same—Principal—Charge of Court—Harmless Error.

Where, upon trial of theft from the person, the court in his charge on principals instructed the jury that parties were principals whether in point of fact all were actually, bodily present, etc., yet the evidence showed that the defendant was bodily present, acting together with the accomplice while the offense was committed; said charge of the court was harmless error.

Appeal from the District Court of Tarrant.    Tried below before the Hon. Homer Bruce Young.

Appeal from a conviction from theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Dodge, Baskin & Eastus,* for appellant.—On question of court's charge on principals:    Fruger v. State, 50 Texas Crim. Rep., 621; McDonald v. State, 46 id., 4; Armstead v. State, 48 id., 304; Dawson v. State, 38 id., 50.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of court's charge on principals:    Wright v. State, 40 Texas Crim. Rep., 45; Gonzales v. State, 171 S. W. Rep., 1146.

HARPER, JUDGE.—At a term of the District Court of the Forty-eighth Judicial District, Tarrant County, Texas, appellant was arraigned for trial on the 18th day of November, A. D. 1915, upon an indictment presented in said court on the 11th day of November, A. D. 1915, charging her with the offense of theft from the person, alleged to have been committed in Tarrant County, on the 5th day of November, A. D. 1915, to which said indictment appellant plead "not guilty."    The trial resulted in a verdict and judgment adjudging appellant guilty of the offense charged, with punishment assessed at confinement in the State penitentiary for a period of two years.    Thereafter, on, towit, the 2nd day of February, A. D. 1916, after leave of court having been had and obtained, appellant filed his amended motion for a new trial, which said amended motion was thereafter on said date heard by the court and overruled, to which said action of the court appellant then and there excepted and in open court gave notice of appeal to the Court of

Criminal Appeals of the State of Texas. Appellant was thereafter released upon recognizance pending this appeal.

Appellant's first assignment of error is that the trial court committed material error in overruling paragraph one of appellant's motion for a new trial and in sustaining the judgment rendered in this cause, because the record is wholly barren of evidence corroborative of the testimony of the accomplice witness, Pearl Hansborough, connecting appellant with the commission of the offense charged, and that the uncorroborated testimony of an accomplice connecting the accused with the commission of the offense charged is insufficient to, sustain a conviction. In the proposition of law stated we heartily concur, but think appellant is mistaken in contending that there is no testimony tending to connect appellant with the commission of the offense  The negro man had his money stolen while asleep in the two-room house of Inez Wheeler. The evidence both for the State and the defendant shows that appellant and the accomplice witness, Pearl Hansborough, were alone in this house with the negro man.' They leave this house together, and go together to a drug store, where appellant called for a box of salve, which was paid for by Pearl Hansborough with a portion of the stolen money. The money is positively identified, and appellant found in possession of the property purchased with this money. This testimony certainly had a tendency to connect her with the theft. She does not testify nor seek to explain her possession of this property.

The second assignment of error is that the trial court committed material and reversible error in paragraph one of his charges delivered to the jury wherein the court instructed the jury as follows:

"All persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons, the true criterion for determining who are principals is: did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred. If so, then the law is that all alike are guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually, bodily present on the ground when the offense was actually committed, or not."

This charge is almost in the exact language of a charge requested by appellant. It reads:

"You are instructed that all persons are principals who are guilty of acting together in the commission of an offense; when an offense has. actually been committed by one or more persons, the true criterion for determining who are principals is, did the parties act together in the commission of the offense, was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred; if so, then the law is that all alike are guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all."

It will be noticed that the only real difference between the charge given by the court and the one requested by appellant is in the concluding lines: "whether in point of fact all were actually, bodily present on the ground when the offense was actually committed, or not." We agree with appellant that this is not a correct proposition of law. A person must be present, or if not present at the time of the commission of the offense, be doing some act in furtherance of the common design. The charge as given has been frequently condemned when there is testimony raising the issue that the person sought to be convicted as a principal offender was at another and different place and doing nothing in furtherance of the common design. And if the testimony in this case raised the issue that appellant was at a different place when the offense was committed, this charge would present error. But the testimony and all the testimony shows she was present in the house alone with Pearl Hansborough and Charley Tucker, the latter being the person from whom the money was stolen. That Pearl Hansborough and appellant left the house together after the money had been stolen; were together when a portion of the money was spent, and appellant received and was found in possession of tne goods purchased with the stolen money. Under the facts of this case the charge does not present reversible error.

The judgment is affirmed.

*Affirmed.*